## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN HOYE,                          :

    Plaintiff                          :      CIVIL ACTION NO. 3:19-1972

    v.                                 :              (JUDGE MANNION)

SCI-CAMP HILL MEDICAL DEPT,  :

    Defendant                          :


### MEMORANDUM

### I.   Background

Plaintiff, Nathan Hoye, an inmate confined at the State Correctional Institution, Camp Hill ("SCI-Camp Hill), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The only named Defendant is the SCI-Camp Hill Medical Department. Id.

Plaintiff states that on July 11, 2015, the Defendant "le[ft] a deadly mouse in [his] stomach, violating [his] health." Id. He claims that "proof cannot be detected because of limitations in prison of any records [he] can have in possession", but he does "have a witness for proof." Id. For relief, Plaintiff seeks a "court order to go to hospital to get it removed." Id.

Hoye has moved to proceed in forma pauperis (Docs. 4, 9). However, because Hoye has had three, or more, previous lawsuits which constitute

"three strikes" within the meaning of 28 U.S.C. §1915(g), the Court will deny Hoye's motions for leave to proceed *in forma pauperis* and dismiss the action without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00.

## II.  <u>Legal Standard</u>

Pursuant to 28 U.S.C. §1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, 575 U.S. 532 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when denying or revoking a prisoner's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the prisoner accrued prior to imitating the action immediately before the court. Gibbs v. Ryan, 160

F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" requirement, a court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul–Akbar, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

## III.  **Discussion**

The Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. §1915(g):[1]

---

[1] The three strike rule announced by the United States Court of Appeals for the Third Circuit in Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under §1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily
*(footnote continued on next page)*

\* <u>Nathan Rowshawn Hoye v. Eli A. Zlokas</u>, No. 2:17-cv-0021 (W.D.Pa.) (case initiated on January 5, 2017; complaint dismissed with prejudice on April 13, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A);

\* <u>Nathan Hoye v. SCI Greene Prison Medical Department</u>, Dr. Ms. Pillia, Dr. Valley, Dr. Raj, No. 2:17-cv-0162 (W.D.Pa.) (case initiated on February 3, 2017; complaint dismissed with prejudice on April 13, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A);

\* <u>Nathan Hoye v. Mr. Eli Zlokas, Attorney at Law, and Dwayne Woodruff, Honorable Judge Allegheny County</u>, No. 2:17-cv-0270 (W.D.Pa.) (case initiated on March 13, 2017; complaint dismissed with prejudice on April 12, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A); and

\* <u>Nathan Hoye v. SCI Camp Hill Prison</u>, et al., No. 2:17-cv-0452 (W.D.Pa.) (case initiated April 10, 2017; complaint dismissed with prejudice on May 8, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger exception, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). <u>See</u>

---

limited to) 28 U.S.C. §§1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

> Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

After reviewing the allegations contained in the instant Complaint, the Court finds that Hoye has not satisfied the imminent danger exception. As our appellate court instructed, the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted). As the United States Court of Appeals for the Third Circuit has noted, "[a] court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." Brown v. City of Philadelphia, 331 F. App'x 898, 900 (3d Cir.) (2009). "To the contrary, a court may discredit 'factual claims of

imminent danger that are 'clearly baseless'." Id. (quoting Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998)).

The allegations in the instant Complaint at best can be described as fanciful, fantastic, and/or delusional. Section 1915(e)'s term "frivolous," when applied to a complaint, embraces not only inarguable legal conclusions but also fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The statute accords judges not only authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. Id.

## IV.   Conclusion

Based on the discussion above, Plaintiff's motions for leave to proceed *in forma pauperis* will be denied in accordance with 28 U.S.C. §1915(g) and this action will be dismissed, without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00. A separate Order shall issue.

*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 17, 2020**
19-1972-01

- 6 -